**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2018 JAN 11  PM 4:07

W_____ _____ OF TEXAS
BY_____

**JEREMY KING,**
                    **Plaintiff,**

                                                        **CAUSE NO.:**
**-vs-**                                                **A-16-CV-00131-DAE**

**BRIAN HUCKABY, #5159 and**
**GUSTAVE GALLENKAMP, #7077,**
                    **Defendants.**

<u>**JURY INSTRUCTIONS**</u>

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

COURT'S INSTRUCTION NO. 2

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.

COURT'S INSTRUCTION NO. 3

Plaintiff Jeremy King has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely true than not true. It is simply the greater weight of the credible evidence.

In determining whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, all exhibits admitted into evidence, regardless of who may have produced them, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. If you find Jeremy King has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

COURT'S INSTRUCTION NO. 4

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

COURT'S INSTRUCTION NO. 5

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case that the witness may have, and the consistency or inconsistency of the witness's testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has the witness made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

COURT'S INSTRUCTION NO. 6

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as the witness remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

COURT'S INSTRUCTION NO. 7

Attached to this Jury Charge is a Verdict Form that has several questions. Answer each question from the facts as you find them. Your answers and your verdict must be unanimous. Before answering a particular question on the Verdict Form, you must consider these instructions I am providing to you. Bear in mind, members of the jury, you may or may not ultimately answer each question; so carefully follow the "road map" instructions on the Verdict Form to determine which questions you must answer.

COURT'S INSTRUCTION NO. 8

Some of the questions ask you to determine damages. Consider damages only if necessary, that is, if following the road map instructions lead you to the damages questions. If Plaintiff Jeremy King has proved either of his claims against Defendants Brian Huckaby and/or Gustave Gallenkamp by a preponderance of the evidence, you must determine the damages to which Plaintiff Jeremy King is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Jeremy King's damages as an indication in any way that I believe Plaintiff Jeremy King should, or should not, win this case. It is your task first to decide whether Defendants Brian Huckaby and/or Gustave Gallenkamp are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants Brian Huckaby and/or Gustave Gallenkamp are liable and that Plaintiff Jeremy King is entitled to recover money from Defendants Brian Huckaby and/or Gustave Gallenkamp.

COURT'S INSTRUCTION NO. 9

If you find that Defendants Brian Huckaby and/or Gustave Gallenkamp are liable to Plaintiff Jeremy King, then you must determine an amount that is fair compensation for all of Plaintiff Jeremy King's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Jeremy King whole, that is, to compensate Plaintiff Jeremy King for the damage that he has suffered. Compensatory damages are not limited to expenses that Plaintiff Jeremy King may have incurred because of his injuries. If Plaintiff Jeremy King wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of Defendants Brian Huckaby and/or Gustave Gallenkamp's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff Jeremy King proves resulted from the unconstitutional conduct of Defendants Brian Huckaby and/or Gustave Gallenkamp. The damages that you award must be fair compensation for all of Plaintiff Jeremy King's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Jeremy King has actually suffered.

To recover compensatory damages for mental and emotional distress, Plaintiff Jeremy King must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Jeremy King must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Jeremy King prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

COURT'S INSTRUCTION NO. 10

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You may award damages for any bodily injury that Plaintiff Jeremy King sustained and any physical pain and mental anguish that Jeremy King experienced. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiff Jeremy King for the damages he suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of evidence.

You should consider the elements of damages listed in each damages question, and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise under some other element awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find. Answer separately, in dollars and cents, for damages, if any. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

COURT'S INSTRUCTION NO. 11

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his constitutional rights has occurred but the plaintiff has suffered no actual loss or injury.

If you find by a preponderance of the evidence that Plaintiff Jeremy King sustained a technical violation of his constitutional rights, but that Jeremy King suffered no actual loss as a result of this violation, then you may award Jeremy King nominal damages.

COURT'S INSTRUCTION NO. 12

I will now instruct you on the specific law to be applied in this case for the questions in the Verdict Form.

Question One relates to Plaintiff Jeremy King's selective enforcement claim. Plaintiff Jeremy King claims Defendants Brian Huckaby and Gustave Gallenkamp violated the Fourteenth Amendment by selectively enforcing the law against him because of his race. The Constitution prohibits law enforcement officers from choosing to arrest a person based upon an unjustifiable standard such as race, religion, or other arbitrary classification even when the arrest or detention is otherwise proper.

To determine whether Defendants Brian Huckaby and/or Gustave Gallenkamp selectively enforced the law against Plaintiff Jeremy King, he must prove by a preponderance of the evidence that their decision to arrest him:

1. Had a discriminatory effect of treating him differently than others because of his race; and

2. Was deliberately motivated by an improper consideration such as race.

Direct evidence of discriminatory intent is not required. The conscious exercise of some selectivity in enforcement is not in itself a constitutional violation. You may infer from the totality of the facts whether Defendants Brian Huckaby and/or Gustave Gallenkamp acted with discriminatory intent.

COURT'S INSTRUCTION NO. 13

Question Two relates to compensatory damages for Plaintiff Jeremy King's selective enforcement claim in Question One.  Only answer Question Two if you answered "yes" to Question 1(a) and "yes" to any part of Question 1(b).

In answering this question, consider the elements of damages listed, and none other. Consider my earlier instructions on damages.  Answer in dollars and cents for damages, if any.

COURT'S INSTRUCTION NO. 14

Question Three relates to nominal damages for Plaintiff Jeremy King's selective enforcement claim in Question One.  Only answer Question Three if you answered "yes" to Question 1(a), answered "yes" to any part of Question 1(b), and you awarded no compensatory damages in Question Two – in other words, $0 for Question 2.

15

COURT'S INSTRUCTION NO. 15

Question Four relates to Plaintiff Jeremy King's excessive force claim. Plaintiff Jeremy King claims Defendants Brian Huckaby and Gustave Gallenkamp violated the Fourth Amendment by using excessive force during the course of his arrest on November 6, 2015. The Constitution prohibits law enforcement officers from using unreasonable or excessive force, even when the arrest or detention is otherwise proper. To prevail on a Fourth Amendment excessive force claim, Plaintiff Jeremy King must prove the following by a preponderance of the evidence:

1. an injury;

2. that the injury resulted directly from the use of force that was excessive to the need; and

3. that the excessiveness of the force was objectively unreasonable.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion, if any, on Plaintiff Jeremy King's right to be protected from excessive force against Defendants Brian Huckaby and Gustave Gallenkamp's right to use some degree of physical coercion or threat of coercion. Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether Plaintiff Jeremy King posed an immediate threat to the safety of the officers or others, and whether he was actively resisting or attempting to evade procedures required by law enforcement officers.

Finally, the reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on the state of mind of Defendants Brian Huckaby or Gustave Gallenkamp. You must decide whether a reasonable officer on the scene

would view the force as reasonable, without the benefit of 20/20 hindsight. The inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation. If you find that Plaintiff Jeremy King has proved by a preponderance of the evidence that the force used was objectively unreasonable under the circumstances and he sustained an injury, pain, or mental anguish, then Defendants Brian Huckaby and Gustave Gallenkamp, or either one of them violated Plaintiff Jeremy King's Fourth Amendment right to be free from excessive force.

If you find that Plaintiff Jeremy King has proved by a preponderance of the evidence that the force used was objectively unreasonable under the circumstances and he sustained an injury, pain, or mental anguish, then Defendants Brian Huckaby and Gustave Gallenkamp, or either one of them violated Plaintiff Jeremy King's Fourth Amendment right to be free from excessive force.

COURT'S INSTRUCTION NO. 16

Spoken words directed at a police officer, which are not threats of harm and are not accompanied by any overt hostile act, conduct, or gesture, are not by themselves an adequate basis to justify using force against the person speaking, even if those words are angry, distasteful, and uncivil.

COURT'S INSTRUCTION NO. 17

You must then consider whether Brian Huckaby and Gustave Gallenkamp are entitled to qualified immunity, which is a bar to liability that I will explain later. If Jeremy King failed to make this showing, then the force was not unconstitutional, and your verdict will be for Brian Huckaby and Gustave Gallenkamp on this claim.

If you find that Jeremy King has proved each essential element of this claim, you must consider whether Brian Huckaby and/or Gustave Gallenkamp are entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officers breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers or those who knowingly violate the law. It is Jeremy King's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the use of force was lawful in light of clearly established law and the information Brian Huckaby and Gustave Gallenkamp each possessed. But Brian Huckaby and Gustave Gallenkamp are not entitled to qualified immunity if, at the time Brian Huckaby and Gustave Gallenkamp used force on Jeremy King, a reasonable officer with the same information could not have believed that these actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time was that law enforcement officials may not use force that is clearly excessive and that was clearly unreasonable under the circumstances, as explained in my earlier instructions. If, after considering the scope of

discretion and responsibility generally given to police officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Brian Huckaby and Gustave Gallenkamp at the time of their respective uses of force, you find that Jeremy King failed to prove that no reasonable officer could have believed that the use of force was lawful, then Brian Huckaby and Gustave Gallenkamp are entitled to qualified immunity, and your verdict must be for Brian Huckaby and Gustave Gallenkamp. But if you find that Brian Huckaby or Gustave Gallenkamp violated Jeremy King's constitutional rights and that Brian Huckaby and/or Gustave Gallenkamp are not entitled to qualified immunity, then your verdict must be for Jeremy King.

COURT'S INSTRUCTION NO. 18

Question Five relates to compensatory damages for Plaintiff Jeremy King's excessive force claim in Question Four.  Only answer Question Five if you answered "yes" to Question 4(a) and "yes" to Question 4(b).

In answering this question, consider the elements of damages listed, and none other. Answer in dollars and cents for damages, if any.

COURT'S INSTRUCTION NO. 19

Question Six relates to nominal damages for Plaintiff Jeremy King's excessive force claim in Question Four.  Only answer this question if you answered "yes" to Question 4(a), answered "yes" to Question 4(b), and you awarded no compensatory damages in Question Five – in other words, $0 for Question 5.

COURT'S INSTRUCTION NO. 20

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during trial. Any notes that you took during trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

The attorneys will now give their closing arguments. Following closing, you may proceed to the jury room to begin your deliberations.

DATE: Austin, Texas, January 11, 2018.

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE